HEARD NOVEMBER TERM, 1878.

CASE No. 711.

BENJAMIN SLOAN, ADMINISTRATOR OF W. K. EASLEY v. EMMA M. WESTFIELD, ADMINISTRATRIX OF JOHN WEST-FIELD.

1. A motion on the law side of the court, before the judge presiding, for a new trial on the minutes of an issue ordered out of chancery, upon the ground that there was no evidence to sustain the verdict of the jury, is irregular and properly refused. *Flinn & Hart* v. *Brown*, 6 *S. C.* 209, explained.
2. A judgment entered up upon the verdict in such case, without further proceedings in the original cause in chancery, is erroneous, and upon proper motion should be set aside.

Before COOKE, J., at Greenville, January Term, 1878.

The facts are more fully stated in the opinion of the court than in the brief. The jury found a verdict for the plaintiff, whereupon defendants moved upon the minutes of the court for a new trial, upon the ground, substantially, that there was no evidence to sustain the verdict. The motion was refused, and defendants appealed.

*Messrs. Simpson & Moore*, for appellants.

*Messrs. Earle & Wells*, for respondents.

April 15th, 1879. The opinion of the court was delivered by

HASKELL, A. J. The appeal is from a refusal on the part of the Circuit judge to grant a new trial. Facts, which are of importance, are not clearly set forth in the statement of the case, and it becomes necessary that the nature of the original proceedings, as elicited at the hearing of the appeal, be stated. The party represented to be the plaintiff claims to be a creditor of the estate represented by the defendant. A proceeding in the nature of a creditor's bill, or of such character, it seems, had been instituted, and Benjamin Sloan, as administrator of Easley, came

in with other creditors to establish his claim. The claim was resisted *in toto*, and the Circuit judge made an order stating the fact in dispute, and directing a trial of that issue by a jury. *Code*, § 95; *Rev. Stat.* 587. There was, therefore, no such independent action at law as the title to the case in appeal would indicate, but the trial of an issue of fact arising out of another case of which the title is not stated. That case, although in the Court of Common Pleas, and in the form prescribed by the code of procedure, is of the nature of a case in chancery, and subject to the rules of distinction which exist between proceedings at law and in chancery under the constitution of 1868. That instrument recognizes the division of jurisdictional powers, although it confers both powers upon the same judge, and vests the Court of Common Pleas with jurisdiction in all matters of equity as well as law. The Code of Procedure, Section 92, abolishes all distinctions in form between legal and equitable proceedings. But the substantial difference, and the rules of practice essential thereto, are alike retained by the constitution. One of these instances is thus provided for in Section 95 of the code, as follows: "Feigned issues are abolished, and instead thereof, in the cases where the power now exists to order a feigned issue, or when a question of fact, not put in issue by the pleadings, is to be tried by a jury, an order for the trial may be made, stating distinctly and plainly the question of fact to be tried; and such order shall be the only authority necessary for a trial." See, also, *Rev. Stat., p.* 632, § 277. Such was the order in this case, viz., for a trial as under a feigned issue. The jury found for the "plaintiff," and the "defendant" moved, forthwith, before the judge who heard the issue, asking for a new trial upon the ground that there was no evidence to sustain the verdict. The motion was refused.

The first question is whether, under such circumstances, such motion was regular. The case of *Flinn & Hart* v. *Brown*, 6 *S. C.* 209, is in some respects different from this, but is important. "The subject matter of the [that] suit looking to the end it proposed, and the character of the relief which it claimed on behalf of the plaintiffs, constituted it 'a case in chancery,' as distinguished from one at law, and its mode of trial must be in

conformity with the rules and course of procedure prescribed for the trial of 'cases in chancery.' *Sullivan* v. *Thomas*, 3 *S. C.* 547." The only question which the jury could try in that case was that of fact as to whether "the additions to the deed were made by James M. Brown, Sr., after its execution." But the judge charged the jury in this way: "If the additions to the deed were made by James Brown, Sr., after its execution, under all the circumstances, it would render it void." He thus submitted to the jury the determination of the whole cause, and the jury found accordingly that the deed was void. The motion was made for new trial because of error in the judge's charge, but was refused and judgment entered up. The appeal went up, not from the order refusing new trial, but from the judgment, which was the final judgment in the cause. The decision on the appeal was not because of error in not granting a new trial by jury, but was upon the final judgment and remanding the case "to the Circuit Court for hearing." The case, so far from being authority for a motion for new trial of such issue, is, in its whole purport, to the contrary, although that point was not directly in question. The decision is founded upon the constitutional provision which distinguishes chancery from cases at law, and upon the well-recognized principle that the verdict of a jury upon such an issue is not binding, but is merely to "relieve and ease the conscience of the court," and, in fact, may be disregarded by the judge in the execution of his chancery power. The Circuit judge's error was on that point. He treated the whole matter as an action at law the moment the jury came in to the trial. It was a proceeding in equity, and the rulings on that point are all to which we refer as specially applicable to the case before us. There is an expression, however, in the opinion on which it may be well to remark to prevent misconstruction. It is said, "*the verdict* cannot be allowed to stand." It may be argued from those words that the court was really considering the motion for a new trial of the issue of fact. The context and the whole reasoning will show that to be a mistake, and that the court was considering not the verdict, but the adoption of it by the judge, and the reasons for his decision on that point, and his judgment based on the verdict. "It was within his power," the Supreme

Court says, speaking of the ruling of the Circuit judge, "entirely to have disregarded the verdict, and decreed in the face of it. But when he *adopts it*, not because it concurred with his own views of the testimony, but simply because it is the verdict of the jury, and must, therefore, control him ; if he has erred in his instructions as to the law on a point made material by the effect which was given to it in his charge as an element necessary for the consideration of the jury, the verdict cannot be allowed to stand." That is to say : The first error on the part of the judge was to consider himself bound at all by the verdict, and the second was that even if he had regarded the verdict in its proper light, but had given it weight in his decision, the latter was a mistake, because the charge in the law branch of the case—the trial of the issue of fact by jury—was totally wrong, and calculated to mislead the jury, and should have deprived the verdict of all weight. To recur now to the point directly in question was the motion for a new trial proper.. Could it be considered by the Circuit judge? This must be answered by reference to the rules of chancery practice. It makes no difference that whether by accident or that statute, as it then stood, the judge before whom the suit in chancery was and the judge who presided at the trial of the issue by jury, chanced to be the same person. The functions of the office are distinct, and the unity of the person only renders it the more important that the duality of those functions should be rigidly preserved. The recent change in the statute, by which the circuits are alternated among the judges, practically remedies much of the confusion which was arising under the former system. What was the practice in equity, under similar circumstances, is thus stated : " If the party against whom the verdict is found is dissatisfied with it, and wishes for a new trial, he must make application for it to this court, [viz., the Court of Chancery,] in which respect the practice upon issues differs from the practice upon actions at law brought under the direction of the court, a new trial for which must always be moved for in the court in which the action is brought. The reason for this distinction is laid down by Lord Eldon to be that if this court thinks proper to consider the *case upon the record* as fit to be governed by the result of a

trial, the review or propriety of which belongs to a court of law, the opinion of a court of law is sought in such a form that it is regarded as conclusive, whether the judgment is obtained upon a verdict or in any other shape; but upon *an issue directed,* this court reserves to itself the review of all that passed at law; and one principle upon which the motion for a new trial is made here, and not to the court of law, is, that this court regards the *judge's report* with a view to determine whether the information collected before the jury, together with that which appears upon the record, is sufficient to enable it to proceed satisfactorily, to which it did not conceive itself competent previously." 3 *Dan. Ch. Pr.* *747. It is possible, and, indeed, not unfrequent, that the latter occurs, and the reason which would demand a new trial in the court of law, upon the ground, for instance, that the verdict is directly contrary to the evidence, would render another trial of the issue totally unnecessary to the Chancellor or the judge sitting in equity. The conclusiveness of the evidence furnishes all that equity needed. Thus the strongest reason for a new trial at law is the best reason why it would be denied on an issue emanating from a case in equity. "The consequence of the principle above laid down is that there is a material difference between courts of law and courts of equity in the rules by which they are guided in granting new trials." It will sometimes be granted in equity, where the verdict is against preponderating evidence, or rather against the weight of the testimony, especially, it is said, where the judge intimates in his report that he is not satisfied with the verdict; while in law it is granted either because the verdict is against evidence or is without any evidence to sustain it, or for excessive damages, &c. But neither in point of practice nor of law is the verdict conclusive, although new trial be refused when the trial is an issue sent from chancery. Sometimes, however, it is made conclusive by the courts having made that a condition of the order granting a trial of an issue of fact. 2 *Story's Eq. Jur.,* §§ 1478-9, *note a.* The practice in this state was the same as laid down by the above authorities.

"Issues to the court of law are directed by this court (that of equity) for the purpose of informing the conscience of the Chancellors, and if this purpose be achieved we do not examine the

2 F

process very narrowly. If, upon a particular issue, we might suppose that the law court was in some error as to the law, we should not grant a new trial of the issue upon this express ground, for this would imply the arrogant pretension on our part that we understood the law better than those to whom its administration was committed by the polity of the state. But we would look to the materiality or the importance of the supposed error. If the verdict, were upon the whole, satisfactory, no notice would be taken of minute departures from our notions of principle or procedure. But, if we regarded the supposed mistakes of the court trying the issue to be so material that our consciences were not satisfied as to the general result of the trial, while we should not undertake to rectify the rulings of the other court, we might order the parties to try the issue again, and request of the other court that a particular course should be pursued as to the points on which we were dissatisfied." *Thomasson* v. *Kennedy,* 3 *Rich. Eq.* 440.

Neither the rules nor the reasons for them are changed by the alternation in the form of procedure, or by the powers of law and equity having been vested in one court.

In the case of *Railroad Company* v. *Toomer,* 9 *Rich. Eq.* 270, an issue of fact having been sent to the court of law, it is said that if an action " had been ordered the appeal would have been to the law court of appeals from the trial had, otherwise when the order is of an issue or an issue in the nature of an action. In such cases the motion must be made on the return of the issue in the court from which it emanated, not by way of appeal, for another issue or a new trial, if that court is not satisfied with what has been done." For a succinct statement of the practice, and the reasons for it, see, also, *Adams' Eq. pp.* *377–8.

The importance of a ruling upon this point is obvious, and the more so, when we call attention to the fact that under the constitution, the question whether the trial was at law or in equity involves the rights also of the parties on an appeal to this court. For, in a trial at law it is only for errors at law that the case can be brought before the court for correction, while in cases of chancery there is a general appellate jurisdiction. If, for instance,

the trial of such an issue is an action at law, exclusively within the jurisdiction of the judge presiding at the trial of the issue, and subject to his ruling on the question of new trial, nothing could be corrected by this court but error at law on the part of the judge; while, on the other hand, if the question had pursued its proper course, and had come up in the case from which it arose, the whole matter would have been subject to review, and the evidence might have been examined and the correctness of the finding subjected to the judgment of this court. It is unnecessary to dwell further. The motion for a new trial was entirely irregular and was properly refused.

The verdict, together with the judge's notes of the evidence, with any exceptions to his rulings on questions of law, should have been sent over to the chancery side of the court and made a part of the original proceeding. It was, however, stated by the attorneys on both sides that judgment had been entered up on the verdict as if the trial had been in a separate action. The appellants urged that they appealed to stay the execution of said judgment, and the respondent, in a preliminary motion to strike the case from the docket, urged that the motive on the part of the appellants was to retard the execution of said judgment. The matter was thus forced upon the attention of the court, and while it is not before the court for adjudication, for the appeal is not on a motion to set aside the judgment, the court, nevertheless, feels called upon to say that such practice is entirely erroneous, and that upon proper motion such judgment should be set aside. To frame an issue was never intended to be the means of giving a preference or advantage to any party in a proceeding arising on the chancery side of the court.

The appeal is dismissed.

Motion refused.

Appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.